■ ALLSTATE INSURANCE COMPANY et al., Respondents, v BELT PARKWAY IMAGING, P.C., et al., Appellants, et al., Defendants. [914 NYS2d 5]—

Order, Supreme Court, New York County (Eileen Bransten, J.), entered March 26, 2009, which denied the motion by defendants Belt Parkway Imaging, P.C., Diagnostic Imaging, P.C., Metroscan Imaging, P.C., Parkway MRI, P.C. (the PC defendants) and Herbert Rabiner, M.D., for partial summary judgment, unanimously affirmed, without costs.

"A provider of health care services is not eligible for reimbursement under section 5102 (a) (1) of the Insurance Law if the provider fails to meet any applicable New York State or local licensing requirement" (11 NYCRR 65-3.16 [a] [12]). Pursuant to this regulation, the Court of Appeals held that "insurance carriers may withhold payment for medical services provided by fraudulently incorporated enterprises" (*see State Farm Mut. Auto. Ins. Co. v Mallela*, 4 NY3d 313, 319, 321 [2005]). *Mallela* was decided on March 29, 2005. The Legislature subsequently enacted Insurance Law § 5109, which became effective on August 2, 2005.

There is no indication in section 5109 that the statute overrules *Mallela*. Nor is there any such indication in its legislative history, which "must be reviewed in light of the existing decisional law which the Legislature is presumed to be familiar with" (*Matter of Knight-Ridder Broadcasting v Greenberg*, 70 NY2d 151, 157 [1987]).

Section 5109 (a) states, "The superintendent, in consultation with the commissioner of health and the commissioner of education, shall by regulation, promulgate standards and procedures

for investigating and suspending or removing the authorization for providers of health services to demand or request payment for health services as specified in" Insurance Law § 5102 (a) (1). However, the Superintendent of Insurance has issued no regulations pursuant to section 5109 (a). Thus, if—as defendants contend—only the Superintendent can take action against fraudulently incorporated health care providers, then no one can take such action. In light of the fact that "[t]he purpose of the regulations of which [11 NYCRR] 65-3.16 (a) (12) is a part was to combat fraud" (*Allstate Ins. Co. v Belt Parkway Imaging, P.C.*, 33 AD3d 407, 409 [2006]), this would be an absurd result, and we reject it (McKinneys Cons Laws of NY, Book 1, Statutes § 145).

Defendants' contention that plaintiffs fail to state a cause of action for unjust enrichment because they have not alleged that the services rendered by the PC defendants were medically unnecessary is without merit. Paragraph 1 of the second amended complaint alleges that "numerous unnecessary referrals were made subjecting many patients to unnecessary testing and/or radiation." Concur—Gonzalez, P.J., Mazzarelli, Nardelli, Renwick and DeGrasse, JJ.