■ In the Matter of FRENCH-AMERICAN AID FOR CHILDREN, INC., et al., Respondents. JOERG KLEBE, Appellant; ERIC T. SCHNEIDERMAN, Attorney General, Respondent. [54 NYS3d 850]—

Decree, Surrogate's Court, New York County (Rita Mella, S.), entered June 9, 2016, inter alia, adjudging that petitioner's revocation of a trust of which objectant is a trustee was valid, unanimously affirmed, without costs.

Objectant's contention that petitioner did not properly revoke the trust because it used Estates, Powers and Trusts Law § 7-1.9 (a) instead of section 8-1.1 (c) (2) is unavailing. Before 1985, cases held that a charitable trust could use the predecessor of EPTL 7-1.9 (a) (*see e.g. Hanover Bank v United Brethren's Church on Staten Is.*, 134 NYS2d 356, 361-362 [Sup Ct, NY County 1954]). In 1985, EPTL 7-1.9 was amended to add paragraph (c), which provided that "[a] trust wholly benefitting one or more charitable beneficiaries *may* be terminated as provided for by" EPTL 8-1.1 (c) (2) (emphasis added). Nothing in either the text of EPTL 7-1.9 (c) or the legislative history thereof indicates that charitable trusts were restricted to EPTL 8-1.1 (c) (2) after 1985 (*see generally Allstate Ins. Co. v Belt Parkway Imaging, P.C.*, 78 AD3d 592 [1st Dept 2010]). Moreover, post-amendment cases indicate that charitable trusts may still use EPTL 7-1.9 (a) (*see e.g. Board of Trustees of. Museum of Am. Indian, Heye Found. v Board of Trustees of Huntington Free Lib. & Reading Room*, 197 AD2d 64, 85-86 [1st Dept 1994], *lv denied* 86 NY2d 702 [1995]; *Matter of Forester*, NYLJ, Dec. 3, 2001 at 17, col 3 [Sur Ct, NY County 2001]). Concur—Sweeny, J.P., Renwick, Andrias, Kapnick and Kahn, JJ.